1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  KENNETH A. SMITH,                         No. CIV S-10-2541-CMK-P

12                 Plaintiff,

13           vs.                               <u>ORDER</u>

14  CMF SP MENTAL EVALUATION
    DIVISION, et al.,

15
                   Defendants.
16
    _____/
17

18           Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42

19  U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).  The court is required

20  to screen complaints brought by prisoners seeking relief against a governmental entity or officer

21  or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court is also required to

22  screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.

23  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the court must dismiss a

24  complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon

25  which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from

26  such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant to

                                            1

1  Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it

2  appears . . . that the court lacks jurisdiction of the subject matter . . . ."  Because plaintiff, who is

3  not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the

4  complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also consider as a

5  threshold matter whether it has subject-matter jurisdiction.

6        Plaintiff names "C.M.F. S.P. Mental Evaluation Divisions for Parolee" ("C.M.F."

7  presumably referring to the California Medical Facility) and unnamed "mental health

8  evaluator(s)."  Plaintiff alleges:

9          C.M.F. fail by all meaning procedure to evaluation.  I spent 12
   months with out sick evaluation in prison at the medical facility D.M.H.
10  location.  The commission never certified documents mandatory I be
   evaluated.  C.M.F. division failed to evaluate me.  My conditions
11  [undecipherable] by procedure to evaluation 60 day decision 12 months no
   evaluation.  Over will to the special conditions of treatment by psychiatric
12  evaluations and psychological.

13  Based on these allegations, it appears that plaintiff is a former state prisoner complaining of

14  inadequate mental health treatment.  Plaintiff, however, has not named any individuals who are

15  allegedly responsible for the failure to provide mental health treatment.  Plaintiff will be provided

16  an opportunity to amend the complaint to name individual defendants.  Plaintiff is cautioned that

17  failure to file an amended complaint within the time provided by this order may result in

18  dismissal of the action.  See Local Rule 110.

19        To the extent plaintiff names the California Medical Facility or any department or

20  division thereof, such defendant is not a proper defendant to the action.  The Eleventh

21  Amendment prohibits federal courts from hearing suits brought against a state both by its own

22  citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop.,

23  951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves,

24  and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995)

25  (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible

26  for incarceration and correction of prisoners is a state agency for purposes of the Eleventh

1  Amendment.  <u>See</u> <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978) (per curiam); <u>Hale v. Arizona</u>,

2  993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

3              Accordingly, IT IS HEREBY ORDERED that:

4              1.      Plaintiff's complaint (Doc. 1) is dismissed with leave to amend; and

5              2.      Plaintiff shall file an amended complaint within 30 days of the date of this

6  order.

7

8   DATED: October 26, 2010

9

10                                          _____
                                            **CRAIG M. KELLISON**
11                                          UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3