1

2

3

4

5

6

7        **IN THE UNITED STATES DISTRICT COURT**

8        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   KENNETH A. SMITH,                          No. CIV S-10-2541-CMK-P

11            Plaintiff,

12        vs.                                   ORDER

13   CMF SP MENTAL EVALUATION
     DIVISION, et al.,
14
              Defendants.
15
     _____/
16

17            Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C.

19   § 636(c) and no other party has been served or appeared in the action.  On October 27, 2010, the

20   court directed plaintiff to file an amended complaint within 30 days.  Plaintiff was warned that

21   failure to file an amended complaint may result in dismissal of this action for lack of prosecution

22   and failure to comply with court rules and orders.  See Local Rule 110.  As of December 9, 2010,

23   plaintiff had not filed an amended complaint and the court issued an order directing petitioner to

24   show cause in writing within 30 days why this action should not be dismissed.  Plaintiff was

25   again warned that failure to comply may result in dismissal of the action.  To date, plaintiff has

26   neither filed an amended complaint as directed nor responded to the court's order to show cause.

                                                    1

1   The court must weigh five factors before imposing the harsh sanction of

2   dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

3   U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

4   interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

5   the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

6   their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

7   46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

8   appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

9   See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

10  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

11  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

12  follow local rules, see Ghazali, 46 F.3d at 53, and failure to comply with an order to file an

13  amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

14          Given plaintiff's failure to file an amended complaint, it is impossible for this

15  action to move forward.  The court thus finds that dismissal is appropriate.

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.      This action is dismissed without prejudice for lack of prosecution and

18  failure to comply with court rules and orders;

19          2.      All pending motions are denied as moot; and

20          3.      The Clerk of the Court is directed to enter judgment and close this file.

21

22  DATED:  January 20, 2011

23

24  **CRAIG M. KELLISON**
    UNITED STATES MAGISTRATE JUDGE

25

26